UNITED STATES DISTRICT COURT EASTERN MICHIGAN DISTRICT

| | |
|---|---|
| Daniel R. McGough<br><br>   Plaintiff,<br><br>v.<br><br>Patrick J. Conlin Jr.,<br>Veronica J. White,<br>Kelly A. Roberts,<br>22nd Circuit Court,<br>Washtenaw County Friend of the Court,<br>MDHHS – Office of Child Support<br>Michigan Unemployment Insurance Agency<br><br>   Defendants, | CIVIL NO.:<br><br>Case: 2:24-cv-13352<br>Assigned To : Goldsmith, Mark A.<br>Referral Judge: Grand, David R.<br>Assign. Date : 12/16/2024<br>Description: (CMP) MCGOUGH V.<br>CONLIN JR. (TH) |

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**JURY TRIAL DEMANDED**

## INTRODUCTION

1. This action is brought under 42 U.S.C. § 1983 to address the Defendants' violations of Plaintiff's constitutional rights. Defendants conspired under color of state law to deprive Plaintiff of his fundamental rights under the First, Fourth, and Fourteenth Amendments, including due process, equal protection, and the free exercise of religion.

2. Defendants Patrick Conlin Jr., Veronica White, Kelly Roberts, and the 22nd Circuit Court engaged in coordinated actions to fabricate evidence, misuse judicial resources, retaliate against Plaintiff for exercising his constitutional rights, and perpetuate systemic abuse of process and coercion, violating federal and state laws.

3. Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and emergency intervention to halt ongoing violations of his constitutional rights and prevent further harm to his familial relationships.

## PARTIES

4. Plaintiff: Daniel R. McGough, a devoted parent domiciled in Michigan, has been unlawfully deprived of a meaningful relationship with his son as a result of the Defendants' deliberate and malicious actions under color of law.

5. Defendants:

- Judge Patrick J. Conlin Jr.: A state court judge of the 22nd Circuit Court who, acting under color of state law, imposed punitive restrictions and facilitated judicial processes that violated Plaintiff's constitutional rights.

- Attorney Veronica J. White: A private attorney who, in coordination with state officials, drafted vexatious litigant motions that sought to silence the Plaintiff and fabricated allegations to manipulate judicial proceedings against him. These actions obstructed the Plaintiff's ability to effectively defend his rights.

- Judicial Attorney Kelly A. Roberts: Collaborated with White and the court to obstruct the Plaintiff's rights through fraudulent legal processes.

- 22nd Circuit Court: A state judicial body that participated in and facilitated the coercion, abuse of legal processes, and other violations of Plaintiff's rights under color of state law.

- Friend of the Court: An agency or entity involved in child custody and support matters that participated in and facilitated the manipulation of judicial proceedings and the denial of Plaintiff's parental rights.

2

- Child Support Office: Responsible for the imposition and enforcement of financial obligations, which, in this case, acted to unfairly burden Plaintiff with unjust financial restrictions and penalties.
- Unemployment Agency: Overseeing unemployment benefits and actions, which were manipulated or improperly administered in the context of this case to affect Plaintiff's financial stability and familial relationships.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983, as the claims arise under the Constitution and laws of the United States.

7. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred within this district.

8. Plaintiff has consistently fulfilled his parental responsibilities, fostering a loving and active relationship with his son.

## FACTUAL BACKGROUND

9. Since November 2023, Defendants have engaged in coordinated efforts to alienate Plaintiff from his child, employing fabricated allegations, judicial misuse, and retaliatory legal actions.

10. Plaintiff has consistently fulfilled his parental responsibilities, fostering a loving and active relationship with his son.

11. On November 20, 2023, Judge Conlin issued an ex parte order suspending Plaintiff's parental rights without notice or a hearing, solely based on frivolous and unworthy claims. Despite their clear lack of merit, Judge Conlin extended Plaintiff's suspension of rights and scheduled an evidentiary hearing for January 24, 2025. This deprived Plaintiff of his right to procedural due

process, as guaranteed under the Fourteenth Amendment (Lassiter v. Department of Social Services, 452 U.S. 18 (1981)).

12. On December 12, 2023, Judge Conlin imposed onerous procedural restrictions, including a requirement that Plaintiff obtain judicial approval before filing motions, a $2,000 bond for each approved motion, and payment of $6,000 in attorney's fees to opposing counsel. These measures effectively denied Plaintiff meaningful access to the courts (Murray v. Carrier, 477 U.S. 478 (1986)).

13. Attorney White initiated baseless legal proceedings against Plaintiff by drafting vexatious litigant motions, which further deprived Plaintiff of his parental rights. Judicial Attorney Roberts supported these efforts by manipulating judicial processes, effectively obstructing Plaintiff's ability to defend himself. The 22nd Circuit Court's involvement demonstrated a systemic misuse of judicial authority.

14. Defendants also engaged in coercion and abuse of legal processes, including but not limited to:

- Withholding critical documents and evidence to coerce Plaintiff into compliance with oppressive court orders, in violation of 18 U.S.C. § 1589 (forced labor through abuse of legal process).
- Forcing Plaintiff to comply with financial obligations without the freedom to leave, constituting involuntary servitude and debt peonage under 18 U.S.C. § 1581.
- Possessing and misusing Plaintiff's Social Security Number without lawful authority, in violation of 18 U.S.C. § 1028 and 42 U.S.C. § 408, to obtain financial benefits and services fraudulently.

4

- Unlawfully garnishing Plaintiff's wages using electronic services and taking more than 25% of his earnings in violation of 18 U.S.C. § 1343.

## CLAIMS FOR RELIEF

**Count I: Violation of 42 U.S.C. § 1983 – Due Process**

15. Plaintiff incorporates by reference all preceding paragraphs.

16. Defendants, acting under color of state law, deprived Plaintiff of his procedural and substantive due process rights by issuing ex parte orders, overlooking clear evidence, and enforcing arbitrary restrictions, imposing undue financial and procedural burdens on Plaintiff's ability to defend his parental rights (Santosky v. Kramer, 455 U.S. 745 (1982)).

- Procedural Due Process Violations under 42 U.S.C. § 1983:
    - Lack of Notice: Defendants failed to provide adequate notice of hearings or proceedings affecting Plaintiff's rights, depriving him of the opportunity to contest actions taken against him.
    - Right to a Fair Hearing: Denial of the right to a fair and impartial hearing where Plaintiff could present evidence or cross-examine witnesses.
    - Bias or Lack of Independence: Decisions made by conflicted judges or bodies with direct involvement in the proceedings against Plaintiff.
    - Inadequate Opportunity to Respond: Defendants did not allow Plaintiff a meaningful chance to respond to allegations or decisions affecting his rights.
    - Failure to Provide Legal Representation: Denial of access to legal counsel before restriction of Plaintiff's rights.

- - Arbitrary Action: Taking punitive actions without a rational basis, particularly where no justification was provided.
- Substantive Due Process Violations under 42 U.S.C. § 1983:
  - Deprivation of Fundamental Rights: Defendants infringed on Plaintiff's rights to family integrity and personal freedom without a compelling governmental interest.
  - Discriminatory Intent: The actions taken against Plaintiff disproportionately affected him compared to similarly situated individuals, violating his equal protection rights.
  - Arbitrary or Unjust Actions: Laws or government actions were overly broad and lacked a legitimate public purpose.
  - Infringement on Autonomy: Defendants restricted Plaintiff's personal freedom without adequate justification or rational basis.
  - Excessive Punishment: Imposition of harsh penalties that were disproportionate to the offense, infringing on due process protections.

**Count II: Violation of 42 U.S.C. § 1983 – Equal Protection**

17. Plaintiff incorporates by reference all preceding paragraphs.

18. Defendants subjected Plaintiff to discriminatory treatment by imposing procedural barriers and punitive measures that were not similarly applied to other individuals in comparable situations, thus violating the Equal Protection Clause of the Fourteenth Amendment (Troxel v. Granville, 530 U.S. 57 (2000)). This case underscores the need for the government to protect the integrity of family relationships and impose restrictions on parental rights only when necessary for compelling reasons.

**Count III: Civil Conspiracy Under 42 U.S.C. § 1983**

19. Plaintiff incorporates by reference all preceding paragraphs.

20. Defendants conspired to deprive Plaintiff of his constitutional rights by coordinating efforts to fabricate allegations, misuse judicial authority, and manipulate legal proceedings, demonstrating a clear "meeting of the minds" (Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)).

**Count IV: Violation of the First Amendment – Right to Petition**

21. Plaintiff incorporates by reference all preceding paragraphs.

22. Defendants' actions, including judicial approval requirements and financial penalties for filing motions, unreasonably burden Plaintiff's First Amendment right to petition the government for redress of grievances (Lindsey v. Normet, 405 U.S. 56 (1972)). This case highlights the Supreme Court's concern with government overreach in limiting access to the courts, emphasizing that such barriers must be necessary and not excessive.

**Count V: Violation of 42 U.S.C. § 1983 – Free Exercise of Religion**

15. Plaintiff incorporates by reference all preceding paragraphs.

16. Defendants' suspension of Plaintiff's parental rights and obstruction of his ability to freely practice his religion with his son violated the constitutional right to family integrity, depriving the father-son relationship under the protection of God and the law (Wisconsin v. Yoder, 406 U.S. 205 (1972)).

**Count VI: Intentional Infliction of Emotional Distress (IIED)**

17. Plaintiff incorporates by reference all preceding paragraphs.

18. Defendants' extreme and outrageous conduct, fabricating evidence and alienating Plaintiff

from his child, was intended to cause and did cause Plaintiff severe emotional distress (Roberts v. Auto-Owners Ins. Co., 422 Mich. 594 (1985)).

**Count VII: Malicious Prosecution**

19. Plaintiff incorporates by reference all preceding paragraphs.

20. Defendants initiated and perpetuated false criminal complaints and judicial proceedings without probable cause and with malice, intending to harm Plaintiff's rights and reputation. Additionally, Defendants abused legitimate legal processes by using them for improper purposes, including harassment and coercion, rather than for their intended judicial objectives, causing further harm to Plaintiff (King v. Arbic, 159 Mich. App. 452 (1987); Friedman v. Dozorc, 412 Mich. 1 (1981)).

**Count VIII: Violation of 42 U.S.C. § 1983 – Abuse of Process**

21. Plaintiff incorporates by reference all preceding paragraphs.

22. Defendants engaged in a coordinated scheme under color of state law to misuse legal processes for ulterior motives, particularly for financial gain and to isolate Plaintiff's rights as a parent, violating fundamental principles of fairness and justice (Heck v. Humphrey, 512 U.S. 477 (1994); Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971); Smith v. Wade, 461 U.S. 30 (1983)).

**Count IX: Violations of Federal Anti-Slavery and Forced Labor Statutes**

23. Plaintiff incorporates by reference all preceding paragraphs.

24. Defendants' actions also constitute:

- Forced labor and coercion through abuse of legal process under 18 U.S.C. § 1589.
- Involuntary servitude and debt peonage under 18 U.S.C. § 1581.

- Fraudulent possession and misuse of Plaintiff's Social Security Number without lawful authority under 18 U.S.C. § 1028 and 42 U.S.C. § 408.
- Wire fraud through unlawful garnishment of wages under 18 U.S.C. § 1343.

**REQUEST FOR RELIEF**

1. **Declaratory Relief:**
   - A declaration that Defendants' actions violated Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments, specifically concerning procedural due process, substantive due process, equal protection, and the right to petition the government.
2. **Injunctive Relief:**
   - **Immediate Emergency Injunction**: An order to halt all ongoing and future wrongful actions by Defendants that are infringing upon Plaintiff's constitutional rights. This should include an immediate suspension of the ex parte orders suspending Plaintiff's parental rights and any related proceedings within the custody case at the 22nd Circuit Court.
   - **Permanent Injunction**: An order permanently preventing Defendants from continuing their coordinated efforts to fabricate evidence, misuse judicial resources, and retaliate against Plaintiff. This should include dissolving the custody case altogether, prohibiting judicial officials and attorneys from engaging in similar misconduct, and ensuring that any future proceedings involving Plaintiff are fair, impartial, and conducted with adequate notice and opportunity to be heard.

9

- **Restoration of Rights**: An order reinstating Plaintiff's parental rights and removing the judicial approval requirement for motions, thereby restoring Plaintiff's meaningful access to the courts. Additionally, the order should dissolve the custody case currently before the 22nd Circuit Court and prevent any future proceedings under the same conditions.
- **Directives to the 22nd Circuit Court**: Instructions to the 22nd Circuit Court to cease any further misuse of judicial authority against the Plaintiff and to dismiss the custody case, recognizing the violation of Plaintiff's constitutional rights.

3. **Compensatory and Punitive Damages**:
   - **Compensatory Damages**: Monetary compensation for the emotional distress, loss of income, legal expenses, and other tangible and intangible harms caused by Defendants' actions.
   - **Punitive Damages**: An award to punish Defendants for their intentional and malicious conduct, intended to deter similar future conduct by Defendants and others in similar positions of power.

4. **Specific Performance**:
   - Immediate corrective actions to address the past misconduct and to prevent future abuses of judicial authority, including mandatory retraining and oversight of Defendants to ensure compliance with constitutional principles.

5. **Attorney's Fees and Costs**:

- An award of reasonable attorney's fees and costs incurred in this action pursuant to 42 U.S.C. § 1988 and other applicable laws to redress the violations of Plaintiff's rights under federal and state law.

6. **Other Relief as Deemed Just and Proper:**

    - Such other and further relief as the Court may deem just and proper under the circumstances, including but not limited to any equitable relief that may be necessary to remedy Defendants' wrongful conduct.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**

**Daniel McGough**
PO BOX 970081
Ypsilanti, MI 48197
Email: dryan616@icloud.com
Phone: 313-348-0459
December 16th, 2024

**Exhibits**

- **Exhibit A**: Judge Patrick Conlin Jr.'s 12/12/2024 order—illustrates the severe restrictions imposed on Plaintiff without justification and the punitive measures ordered against him.
- **Exhibit B**: Unsubstantiated Ex parte order singed by Judge Conlin on 11/20/2024—details the baseless claims and lack of evidence used to suspend Plaintiff's parental rights.

## Verification

I, Daniel-Ryan, of the family McGough, do hereby solemnly affirm and declare, under the watchful eye of the Most High and by the authority vested in the laws of these United States, in accordance with the sacred truth and provisions of 28 U.S.C. § 1746, that the foregoing statements are true and righteous to the best of my knowledge, understanding, and conviction.

This solemn affirmation is made in the County of Washtenaw, State of Michigan, on the 16th day of December, in the year of our Lord, 2024.

By my hand:
Autograph of Affiant: _____

### Notary as Jurat Certificate

State of Michigan
County of Washtenaw

On this, the 16th day of December, in the year of our Lord 2024, before me, _JHwang_____, a Notary Public commissioned in the State of Michigan, personally appeared Daniel-Ryan:McGough, who did attest before me and in truth that they are the one whose name is inscribed upon this instrument. They did solemnly acknowledge and affirm before the Lord and under the laws of man that the same was executed with deliberate intent and in full righteousness of their position.

I do solemnly certify, under PENALTY OF PERJURY and before the Lord, that the foregoing statement is true and faithful according to the laws of the State of Michigan.

In witness thereof, I set my hand and seal.

By my seal:
Signature of Notary / Jurat: _____
Notary Public, State of Michigan
My Commission Expires: 9/25/2029
Acting in the County of Washtenaw

(Seal)

J HWANG
Notary Public - State of Michigan
County of Washtenaw
My Commission Expires Sep 25, 2029
Acting in the County of _Wshtnw_

**EXHIBIT A:**

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

ALYSSA LEWIS (KNA McCLOSKEY)　　　　　Case No. 19-002734-DC
　　Plaintiff,　　　　　　　　　　　　　　　HON. Patrick J. Conlin, Jr.
v

DANIEL McGOUGH,
　　Defendant.

| | |
|---|---|
| Veronica J. White (P62684)<br>Attorney for Plaintiff<br>455 East Eisenhower, Suite 300, #44<br>Ann Arbor, Michigan 48108<br>(734) 761-1286 | Daniel McGough<br>Defendant<br>1173 Hunter Avenue<br>Ypsilanti, Michigan 48198<br>(734) 263-1193 |

**ORDER AFTER HEARING ON DEFENDANT'S MOTION REGARDING SCHOOL SELECTION, BODY MODIFICATIONS; DEFENDANT'S OBJECTION TO FRIEND OF THE COURT RECOMMENDATION; DEFENDANT'S MOTION TO DISSOLVE EX PARTE ORDER; and PLAINTIFF'S MOTION FOR VEXATIOUS LITIGATOR RELIEF, ATTORNEY FEES AND COSTS, AND OTHER RELIEF**

Entered: DEC 1 2 2024

At a hearing held on 12/12/2024, with both parties present in the Courtroom and Plaintiff's counsel present by Zoom (due to illness), after being advised on the record, and for the reasons stated on the record:

1. Defendant's MOTION REGARDING SCHOOL SELECTION, BODY MODIFICATIONS is denied.

2. Defendant's OBJECTION TO FRIEND OF THE COURT RECOMMENDATION is denied and the Friend of the Court's recommendation is adopted.

3. An evidentiary hearing will be held on 1/24/25 at 1:30 pm for Defendant's MOTION TO DISSOLVE EX PARTE ORDER. before Judge Slay.

4. In reference to Plaintiff's MOTION FOR VEXATIOUS LITIGATOR RELIEF, ATTORNEY FEES AND COSTS, AND OTHER RELIEF:

    i. Defendant must have judicial approval to file a motion;

    ii. Defendant must post a $2,000 bond when the approved motion is filed;

    iii. Defendant is ordered to pay $6,000 in attorney fees in the amount of $500 per month until it is paid in full. The first payment is due on January 1st, 2025, and shall be due on the 1st of the month each month thereafter until the balance is paid in full.

5. All other Orders not inconsistent with this ORDER remain in full force and effect.

_____
HON. Patrick J. Conlin, Jr. (P56333)
Washtenaw County Circuit Court Judge

Prepared by:

/s/ Veronica J. White
Veronica J. White (P62684)
Attorney for Plaintiff

**EXHIBIT B:**

| STATE OF MICHIGAN<br>22ND JUDICIAL CIRCUIT<br>FAMILY DIVISION<br>WASHTENAW COUNTY | **AFFADAVIT IN SUPPORT OF REQUEST FOR EX PARTE ORDER** | CASE NO. 19-2734 DC<br>HON. Judge Conlin |
|---|---|---|
| P.O. Box 8645, Ann Arbor, MI 48107-8645 | | Court telephone number: (734) 222-3001 |

| Plaintiff's name, address and telephone number: Alyssa McCloskey, 4755 Mound Rd Lot 72, Standish MI 48197, 989-287-2196 | v | Defendant's name, address and telephone number: Daniel McGrogn, 1113 Hunter ave Ypsilanti MI 48197, 313-438-8092 |
|---|---|---|

1. I am the Plaintiff in this case, and affirm the following statements.
2. If sworn as a witness, I can testify competently to the facts stated in this affidavit, because I have personal knowledge of them.
3. The following events have occurred that have led me to ask for an *ex parte* Court order.

See attached. Defendant has also been arrested on two of his parenting days before pick up Resulting in potential negligence ie. getting Left at bus stop.

4. The Court order that I have requested will govern the following matters:

Parenting time, Suspension until defendants Criminal case has Final Judgement.

5a. Irreparable harm will result from the delay required to give notice of my request because of these specific facts: threats made to child by defendant as well as current charges make it clear defendant is unsafe. Has poor Judment, and may be suffering from mental illness.

OR

5b. Notice itself will result in adverse action before an order can be issued, because of these specific facts: _____

Signature: Alyssa McCloskey       Date: 11-19-2024

Subscribed and sworn to before me on 11/19/24 (date) in WASHTENAW County, Michigan.
My commission expires on _____ (date).
Signature of Notary: _____

15

| STATE OF MICHIGAN<br>22ND JUDICIAL CIRCUIT<br>FAMILY DIVISION<br>WASHTENAW COUNTY<br>P.O. Box 8645, Ann Arbor, MI 48107-8645 | EX PARTE ORDER FOR<br>CUSTODY/PARENTING<br>TIME AND/OR CHILD<br>SUPPORT<br>Court telephone number (734) 222-3001 | CASE NO 19-2734-DC<br>HON. Judge Conlin |
|---|---|---|
| Plaintiff's name, address and telephone number: Alyssa McCloskey [address] 734-927-7196 | v | Defendant's name, address and telephone number: Daniel McGough 1173 Hunter Ave Ypsilanti MI 48197 313-938-8092 |

Date of Order: **NOV 20 2024**

1. The Court has reviewed Plaintiff's request for an ex-parte Order, and the factual statements made in support of that request in the documents submitted.
2. The Court is satisfied that ☒ irreparable injury, loss or damage will result from the delay required to effect notice; and/or that ☐ notice itself will precipitate adverse action before an order can issue.
3. The Court also finds that:
   ☐ The *ex parte* order will not change the child(ren)'s established custodial environment; OR
   ☐ There is clear and convincing evidence that the best interests of the child(ren) require a change in the established custodial environment.

IT IS ORDERED:

**Defendant's parenting time is suspended until further order of the Court.**

IT IS FURTHER ORDERED THAT a copy of this Order (with attached Notice) and the Motion or Affidavit upon which the Order is based are to be served upon the Defendant ~~with service of the Summons and Complaint.~~

[Signature]
Family Division Judge

Washtenaw County
Trial Court
**NOV 22 2024**
FILED

16

JS 44 (Rev. 10/20) **CIVIL COVER SHEET** County in which action arose: WASHTENAW

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Daniel McGowan

**DEFENDANTS**
Patrick Conlin Jr, Kelly Roberts, Veronica White, 22nd Circuit Court

**(b)** County of Residence of First Listed Plaintiff: WASHTENAW
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: WASHTENAW
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 835 Patent - Abbreviated New Drug Application | [x] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability |  | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [x] 710 Fair Labor Standards Act |  | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [x] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |  | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [x] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 448 Education / [ ] 550 Civil Rights / [ ] 555 Prison Condition / [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 USC 1983
Brief description of cause: Violation of Rights (First, Fourth, Fourteenth)

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: December 16, 2024
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**PURSUANT TO LOCAL RULE 83.11**

1.     Is this a case that has been previously dismissed? ☐ Yes ☐ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☐ No

   If yes, give the following information:

   Court: 22ND Circuit Court

   Case No.: 19-2734-DC

   Judge: Patrick Conlin Jr.

Notes :