UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DANIEL R. McGOUGH,

     Plaintiff,                 Case No. 2:24-cv-13352-MAG-DRG

                                  Honorable Mark A. Goldsmith
v.                            Magistrate Judge David R. Grand

PATRICK J. CONLIN, JR.,
VERONICA J. WHITE,
KELLY A. ROBERTS,
22ND CIRCUIT COURT,
WASHTENAW COUNTY FRIEND OF THE COURT,
MDHHS-OFFICE OF CHILD SUPPORT,
MICHIGAN UNEMPLOYMENT INSURANCE AGENCY,

     Defendants.

---

### Defendant Veronica White's Motion to Dismiss for Failure to State a Claim

Defendant Veronica White, through her attorneys, Collins Einhorn Farrell PC, moves for dismissal of this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of her motion, she relies on the attached brief.

Pursuant to Local Rule 7.1(a) and the Court's practice guidelines, the undersigned certifies that he attempted to obtain concurrence in the relief sought. Defense counsel attempted to contact plaintiff via telephone and

email using the information provided by plaintiff in his complaint. The phone number is disconnected and an email error message was received stating that "The recipient's mailbox is full and can't accept messages now." Concurrence was not obtained.

COLLINS EINHORN FARRELL PC

BY:   */s/ James J. Hunter*
JAMES J. HUNTER (P74829)
*Attorney for Defendant Veronica J. White*
4000 Town Center, 9th Fl.
Southfield, MI 48075
(248) 355-4141
james.hunter@ceflawyers.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DANIEL R. McGOUGH,

     Plaintiff,                  Case No. 2:24-cv-13352-MAG-DRG

                                   Honorable Mark A. Goldsmith
v.                            Magistrate Judge David R. Grand

PATRICK J. CONLIN, JR.,
VERONICA J. WHITE,
KELLY A. ROBERTS,
22ND CIRCUIT COURT,
WASHTENAW COUNTY FRIEND OF THE COURT,
MDHHS-OFFICE OF CHILD SUPPORT,
MICHIGAN UNEMPLOYMENT INSURANCE AGENCY,

     Defendants.

---

**Brief in Support of Defendant Veronica White's
Motion to Dismiss for Failure to State a Claim**

# **Table of Contents**

*Index of Authorities* ..................................................................................6

*Index of Attachments* ...............................................................................9

*Issues Presented* .....................................................................................10

*Controlling Authorities* ..........................................................................13

*Introduction* ...........................................................................................14

*Statement of Facts* ..................................................................................15

*Standard of Review* ................................................................................16

*Argument* ...............................................................................................17

   I. McGough's § 1983 and constitutional claims fail because
      White is not a state actor ...............................................................18

   II. McGough's civil conspiracy claim fails because his allegations
      are vague and conclusory ..............................................................20

   III. McGough's claims for violations of 18 U.S.C. § 1581,
      18 U.S.C. § 1028 & 42 U.S.C. § 408; 18 U.S.C § 1343 all fail
      because these statues do not provide a private right of action.............22

   IV. McGough's claim for a violation of 18 U.S.C. § 1589 fails
      because he has provided no plausible evidence of forced
      labor, and has failed to identify any benefit to White of any
      alleged forced labor ......................................................................24

   V. McGough's intentional infliction of emotional distress claim
      fails because White's conduct wasn't "extreme and outrageous." .......25

   VI. McGough's malicious prosecution claim fails because the
      prior proceedings didn't terminate in his favor, there was
      no absence of probable cause, and no malice ..........................................27

   VII. If only the state claims remain at the end, the Court should
      decline to exercise its supplemental jurisdiction over those
      claims ..........................................................................................28

*Conclusion and Relief Requested*...............................................................29

*Certificate of Compliance* ……………………………………………….... 17

*Certificate of Service* .........................................................................31

## Index of Authorities

*Cases*

*16630 Southfield Ltd. P'ship v. Flagstar Bank*,
727 F.3d 502 (6th Cir. 2013) ...................................................................18

*Ashcroft v. Iqbal*, 556 U.S. 662; 129 S. Ct. 1937, 1940,
173 L. Ed. 2d 868 (2009) .................................................................. 16, 17

*Bassett* v. *Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426 (6th Cir. 2008).............17

*Bowerman v. Lyon*, No. 17-CV-13903, 2018 WL 3639848
(E.D. Mich. June 20, 2018) ...............................................................8, 23

*Cicchini v. Blackwell*, 127 F. App'x 187 (6th Cir. 2005) ......................................19

*Croy v. Google LLC*, No. CV 23-12106, 2024 WL 4251907,
(E.D. Mich. Aug. 21, 2024)................................................................8, 23

*Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506 (6th Cir. 2004) ....................19

*Fisher v. City of Detroit*, No. 92, 1993 WL 344261, (6th Cir. Sept. 9, 1993)......21

*Foster v. Michigan*, 573 Fed. Appx. 377 (6th Cir. 2014) ....................................20

*Friedman v Dozorc*, 412 Mich 1; 312 NW2d 585 (1981)............................... 12, 27

*Gavitt v. Born*, 835 F.3d 623 (6th Cir. 2016) ......................................................21

*H.G. v. Inter-Contl. Hotels Corp.*, 489 F. Supp. 3d 697 (E.D. Mich. 2020)........24

*Howell v. Father Maloney's Boys' Haven, Inc.*,
976 F.3d 750 (6th Cir. 2020) .................................................................19

*Jock v. Michigan Dept. of Health & Human Services*,
No. 23, 2023 WL 8810743, (E.D. Mich. Dec. 20, 2023) ............................... 22, 24

*Kordan v. Rigg*, No. 21-CV-11419, 2021 WL 3612293
(E.D. Mich. July 23, 2021) ...............................................................................8, 23

*L.C. v. United States*, 83 F.4th 534 (6th Cir. 2023)................................................16

*Maben v. Terhune,* No. 16, 2016 WL 9447153 (6th Cir. Aug. 19, 2016)............26

*McGough v. McCloskey*, No. 24-13350, 2025 WL 87699,
(E.D. Mich. Jan. 13, 2025)................................................................................ 15, 16

*Morganroth & Morganroth v DeLorean*, 123 F.3d 374 (6th Cir. 1997) ........ 12, 23

*People v Woods*, 200 Mich App 283; 504 NW2d 24 (1993)..................................27

*Polk Co. v. Dodson*, 454 U.S. 312 (1981)................................................................19

*Reyes-Trujillo v. Four Star Greenhouse, Inc.,*
513 F. Supp. 3d 761 (E.D. Mich. 2021) .......................................................... 12, 24

*Roberts v. Auto-Owners Ins. Co.,* 374 N.W.2d 905 (Mich. 1985) ............... 14, 25

*Robertson v. Lucas*, 753 F.3d 606 (6th Cir. 2014) .......................................... 19, 20

*Swain v. Morse,* 957 N.W.2d 396 (Mich. Ct. App. 2020) ...................................25

*Temple v. Temple,* No. 97, 1998 WL 939535 (6th Cir. Dec. 21, 1998) ...............26

*Thomas v. Shipka*, 818 F.2d 496 (6th Cir. 1987) 488 U.S. 1036 (1989) ..............20

*Widgren v. Maple Grove Twp.,* 429 F.3d 575 (2005) ............................................29

### Statutes

§ 1983 of the Civil Rights Act ..............................................................................18

18 U.S.C § 1343.........................................................................................................22

18 U.S.C. § 1028........................................................................................................22

18 U.S.C. § 1581........................................................................................................22

18 U.S.C. § 1589 .................................................................................24

18 U.S.C. § 1595(a) ............................................................................24

28 U.S.C. § 1367(a) ............................................................................28

42 U.S.C. § 1983 .................................................................................14

42 U.S.C. § 408 ...................................................................................22

***Rules***

Fed. R. Civ. P. 12(b)(6) ......................................................................29

## Index of Attachments

| Attachment | Title |
|:---:|:---|
| A | Plaintiff's Motion for Vexatious Litigator Relief filed in child custody matter |
| B | *McGough v. McCloskey*, No. 24-13350, 2025 WL 87699, at *1 (E.D. Mich. Jan. 13, 2025) |
| C | *Jock v. Michigan Dept. of Health & Human Services*, No. 23-13054, 2023 WL 8810743 |
| D | *Cruz v. Toliver*, No. 5:04CV-231-R, 2005 WL 8176244 at *–––, 2005 U.S. Dist. LEXIS 54276 at *5 (W.D. Ky. Mar. 1, 2005) (no private cause of action under § 1581) |
| E | *Kordan v. Rigg*, No. 21-CV-11419, 2021 WL 3612293, at *4 (E.D. Mich. July 23, 2021), report and recommendation adopted, No. 1:21-CV-11419, 2021 WL 3603366 (E.D. Mich. Aug. 13, 2021) |
| F | *Bowerman v. Lyon*, No. 17-CV-13903, 2018 WL 3639848, at *3 (E.D. Mich. June 20, 2018), report and recommendation adopted, No. 17-13903, 2018 WL 3631581 (E.D. Mich. July 31, 2018) |
| G | *Croy v. Google LLC*, No. CV 23-12106, 2024 WL 4251907, at *6 (E.D. Mich. Aug. 21, 2024), report and recommendation adopted, No. 23-12106, 2024G, *Croy v. Google* |

9

**<u>Issues Presented</u>**

1. To prevail on a § 1983 claim under the Civil Rights Act, a plaintiff must allege a claim against a state actor. It is well-established that lawyers, when performing a lawyer's traditional functions, are not state actors. Is dismissing McGough's § 1983 claims (Counts I, II, V, and VIII) against White proper when his claims arise from White's role as a privately-retained attorney?

Plaintiff presumably answers:        No.

White answers:                Yes.

This Court should answer:          Yes.

2. Section 1983 of the Civil Rights Act provides the exclusive remedy for a plaintiff's constitutional claims. Is dismissing McGough's First Amendment claim (Count IV) proper when his § 1983 claims fail?

Plaintiff presumably answers:        No.

White answers:                Yes.

This Court should answer:          Yes.

3. A plaintiff bringing a civil conspiracy claim must plead their claims with specificity. Is dismissing McGough's civil conspiracy claim (Count III) proper when the allegations in his complaint are vague and conclusory?

Plaintiff presumably answers:        No.

White answers:                Yes.

This Court should answer:          Yes.

4. A plaintiff must assert a viable cause of action under which they seek relief. However, several statutes pled in plaintiffs' complaint provide no private right of action. Is dismissing McGough's Federal Anti Slavery and Forced Labor Statutes claim (Count IX) proper when no private right of action exists?

Plaintiff presumably answers:               No.

White answers:                              Yes.

This Court should answer:                    Yes.

5. A plaintiff bringing a claim for a violation of 18 U.S.C. § 1589 must identify the forced labor, and show that the defendant knowingly benefited of received anything of value as a result. Is dismissing McGough's 18 U.S.C. § 1589 claim (Count IX) proper he has failed to do so?

Plaintiff presumably answers:               No.

White answers:                              Yes.

This Court should answer:                    Yes.

6. A plaintiff bringing an intentional infliction of emotional distress claim must show, among other things, that the defendant's conduct was extreme and outrageous. Is dismissing McGough's malicious prosecution claim (Count VI) proper when there is no extreme and outrageous conduct?

Plaintiff presumably answers:               No.

White answers:                              Yes.

This Court should answer:                    Yes.

7. A plaintiff bringing a malicious prosecution claim must show, among other things, that the defendant initiated a criminal prosecution against the plaintiff. Is dismissing McGough's malicious prosecution claim (Count VII) proper when McGough has failed to satisfy *any* of the elements?

Plaintiff presumably answers:                No.

White answers:                               Yes.

This Court should answer:                     Yes.

8. All of the plaintiff's claims lack merit. But if the Court dismisses the federal claims without dismissing his state law claims (Counts VI and VII), then those state-law claims are only within the Court's supplemental jurisdiction. If the Court dismisses only the federal claims, should it decline to exercise supplemental jurisdiction over the remaining state claims?

Plaintiff presumably answers:                No.

Defendant answers:                           Yes.

This Court should answer:                     Yes.

## <u>Controlling Authorities</u>

*Friedman v Dozorc*, 412 Mich 1, 48; 312 NW2d 585 (1981)

*Jock v. Michigan Dept. of Health & Human Services*, No. 23-13054, 2023 WL 8810743

*Kordan v. Rigg*, No. 21-CV-11419, 2021 WL 3612293

*Morganroth & Morganroth v DeLorean*, 123 F.3d 374 (6th Cir. 1997)

*Polk Co. v. Dodson,* 454 U.S. 312 (1981)

*Reyes-Trujillo v. Four Star Greenhouse, Inc.*, 513 F. Supp. 3d 761 (E.D. Mich. 2021)

*Robertson v. Lucas*, 753 F.3d 606 (6th Cir. 2014)

*Swain v. Morse,* 957 N.W.2d 396 (Mich. Ct. App. 2020)

*Thomas v. Shipka*, 818 F.2d 496 (6th Cir. 1987)

## Introduction

Unhappy with the outcome and the general disposition of a child custody matter, McGough brings this claim against White (opposing counsel in that matter), as well as the Judge—Judge Patrick J. Conlin, Jr.; his judicial attorney Kelly A. Roberts; the 22nd Circuit Court; the Washtenaw County Friend of the Court; the Michigan Department of Health and Human Services – Office of Child Support; and the Michigan Unemployment Insurance Agency.

McGough pleads nine total counts against the defendants generally: 1) Violation of 42 U.S.C. § 1983 – Due Process; 2) Violation of 42 U.S.C. § 1983 – Equal Protection; 3) Civil Conspiracy under 42 U.S.C. § 1983; 4) Violation of the First Amendment – Right to Petition; 5) Violation of 42 U.S.C. § 1983 – Free Exercise of Religion; 6) Intentional Infliction of Emotional Distress; 7) Malicious Prosecution; 8) Violation of 42 U.S.C. § 1983 – Abuse of Process; 9) Violations of Federal Anti-Slavery and Forced Labor Statutes. All of McGough's claims against White fail as a matter of law.

## Statement of Facts

McGough's complaint arises out of a contentious child custody matter against Alyssa Lewis. White is an attorney and she represented McCloskey, McGough's opponent, in that matter.

In the child custody matter, McGough filed over a dozen redundant and/or vexatious motions to change custody, without pleading any proper cause or change of circumstances. **Attachment A**, Motion for Vexatious Litigator Relief filed in child custody matter. To protect the interests and resources of her client, White filed a motion seeking relief from McGough as a vexatious litigator. *Id*. The court granted her motion and added filing requirements for McGough. ECF No. 1, Complaint, PageID.4, ¶ 12.

McGough alleges—without basis in fact or reality—that the defendants engaged in "coordinated actions to fabricate evidence, misuse judicial resources, retaliate against Plaintiff…." ECF No. 1, Complaint, PageID.1, ¶ 2. He provides no supporting evidence—just his bare accusations.

McGough now brings this action against everyone involved in the child custody matter—White, as opposing counsel; the judge; the court; and several state entities.[1]

## Standard of Review

A party may move for dismissal under Rule 12(b)(6) if the plaintiff fails to plead sufficient factual allegations to state a claim upon which relief can be granted. *L.C. v. United States*, 83 F.4th 534, 550 (6th Cir. 2023) (affirming dismissal of plaintiff's complaint for failing to plead sufficient factual allegations to state a claim upon which relief can be granted).

When ruling on a 12(b)(6) motion, courts must accept the factual allegations as true but should reject legal conclusions or unwarranted factual inferences. *Id.* (citations omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("[t]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context."). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Id.*

---

[1] McCloskey is not named in this suit because McGough attempted to sue her and her now-husband separately with similar allegations; those claims were dismissed. *McGough v. McCloskey*, No. 24-13350, 2025 WL 87699, at *1 (E.D. Mich. Jan. 13, 2025) (**Attachment B,** *McGough v. McCloskey*).

That standard "asks for more than a sheer possibility that a defendant has acted unlawfully," and a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679.

Additionally, "when a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett* v. *Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## Argument

Dismissal is proper under 12(b)(6) if the complaint fails to establish entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679; 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). To establish entitlement to relief, the complaint must cross the line of possibility and enter the realm of plausibility. *Id*. The plausibility standard requires "more than a sheer possibility" of misconduct. *Id*. at 678. If the well-pleaded facts don't permit the Court to infer more than a sheer possibility of misconduct, the complaint alleges—but fails to show—

entitlement to relief. *Id*. at 679. Thus, factual allegations that are merely consistent with liability fall short of "the line between possibility and plausibility of entitlement to relief." *Id*. at 678.

McGough's complaint doesn't "plausibly suggest an entitlement to relief" because the limited information provided doesn't support the claims that he asserts. See *Iqbal*, 556 U.S. at 681. Instead, his complaint contains vague, generalized, and conclusory allegations. He can't "proceed to discovery simply by making bare allegations that [White] violated the law." *16630 Southfield Ltd. P'ship v. Flagstar Bank*, 727 F.3d 502 (6th Cir. 2013). Accordingly, this Court should dismiss McGough's claims against White under Fed. R. Civ. P. 12(b)(6).

## I.   McGough's § 1983 and constitutional claims fail because White is not a state actor.

McGough alleges that White violated his rights under the First Amendment and alleges various violations of the § 1983 of the Civil Rights Act. ECF No. 1, Complaint, PageID.5-8. To bring a claim under § 1983, a plaintiff must establish "(1) that [they were] deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753

F.3d 606, 614 (6th Cir. 2014). Accordingly, "[o]nly claims against 'state actors' are eligible for relief under the statute." *Howell v. Father Maloney's Boys' Haven, Inc.*, 976 F.3d 750, 752 (6th Cir. 2020).

It is well-settled that appointed and retained attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under § 1983. *Polk Co. v. Dodson,* 454 U.S. 312, 318, 325 (1981); *Elrod v. Michigan Supreme Ct.,* 104 F. App'x 506, 508 (6th Cir. 2004); *see also Cicchini v. Blackwell,* 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes.").

White was the privately-retained lawyer for McGough's opponent in his child custody matter. He does not allege any facts in his complaint that would lead to the classification of White as a state actor. In fact, he acknowledges that White was acting as a "private attorney". ECF No. 1, Complaint, PageID.2, ¶ 5. White was not acting under color of state law and she is not a state actor subject to suit under § 1983.

Further, because § 1983 provides the exclusive remedy for a plaintiff's constitutional claims, McGough can't assert a claim directly under the First

Amendment against White. *See, e.g., Thomas v. Shipka*, 818 F.2d 496, 503 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989) ("holding that in cases where a plaintiff states a constitutional claim under 42 U.S.C. § 1983, that statute is the exclusive remedy for the alleged constitutional violations"); *Foster v. Michigan*, 573 Fed. Appx. 377, 391 (6th Cir. 2014) (unpublished) ("To the extent that Appellants attempt to assert direct constitutional claims, they fail; we have long held that § 1983 provides the exclusive remedy for constitutional violations.").

Accordingly, McGough's § 1983 and First Amendment claims against White fail as a matter of law and those claims (Counts I, II, IV, V, and VIII) must be dismissed.

## II. McGough's civil conspiracy claim fails because his allegations are vague and conclusory.

McGough further alleges § 1983 conspiracy claims against White. ECF No. 1, Complaint, PageID.7, ¶¶ 19-20. These claims fail because McGough's allegations are vague and conclusory.  A civil conspiracy claim under § 1983 occurs when there is "an agreement between two or more persons to injure another by unlawful action." *Robertson*, 753 F.3d at 622 (internal quotations and citations omitted). To establish a civil conspiracy claim under § 1983 a

plaintiff must demonstrate that "(1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed in furtherance of the conspiracy that caused the injury." *Id.* (internal quotations and citations omitted). "[I]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gavitt v. Born*, 835 F.3d 623, 647 (6th Cir. 2016).

Here, McGough asserts, without alleging any specific facts, that the defendants "conspired to deprive Plaintiff of his constitutional rights by coordinating efforts to fabricate allegations, misuse judicial authority, and manipulate legal proceedings...." ECF No. 1, Complaint, PageID.7, ¶ 20. These allegations are not sufficiently specific to establish a conspiracy claim under § 1983. *Fisher v. City of Detroit*, No. 92-1759, 1993 WL 344261, *5 (6th Cir. Sept. 9, 1993) (unpublished) (stating that "pleading requirements governing civil conspiracies are relatively strict . . . federal courts have come to insist that the complaint state with specificity the facts that, in the plaintiff's mind, show the existence and scope of the alleged conspiracy") (internal quotations and citations omitted).

21

Accordingly, McGough's § 1983 conspiracy claims fail as a matter of law and that claim (Count III) must be dismissed.

### III. McGough's claims for violations of 18 U.S.C. § 1581, 18 U.S.C. § 1028 & 42 U.S.C. § 408; 18 U.S.C § 1343 all fail because these statues do not provide a private right of action.

In Count IX, McGough asserts violations of various Federal Anti-Slavery and Forced Labor Statutes for which no private right of action exists: 18 U.S.C. § 1581, 18 U.S.C. § 1028 & 42 U.S.C. § 408; 18 U.S.C § 1343. These claims fail as a matter of law and must be dismissed.

McGough alleges violation of the criminal peonage/obstructing enforcement statute, 18 U.S.C. § 1581. However, Congress did not provide for a private cause of action under § 1581. *Jock v. Michigan Dept. of Health & Human Services*, No. 23-13054, 2023 WL 8810743, at *2 (E.D. Mich. Dec. 20, 2023), citing *Cruz v. Toliver*, No. 5:04CV-231-R, 2005 WL 8176244 at *––––, 2005 U.S. Dist. LEXIS 54276 at *5 (W.D. Ky. Mar. 1, 2005) (no private cause of action under § 1581). **Attachment C,** *Jock v. MDHHS*, **Attachment D,** *Cruz v. Toliver*. This claim must be dismissed.

McGough also asserts violations of 18 U.S.C. § 1028 and 42 U.S.C. § 408 for claims associated with his social security number. 18 U.S.C. § 1028 does not provide for a private right of action. *Kordan v. Rigg*, No. 21-CV-11419,

2021 WL 3612293, at *4 (E.D. Mich. July 23, 2021), report and recommendation adopted, No. 1:21-CV-11419, 2021 WL 3603366 (E.D. Mich. Aug. 13, 2021). **Attachment E,** *Kordan v. Rigg*. Similarly, 42 U.S.C. § 408 doesn't provide a private right of action. *Bowerman v. Lyon*, No. 17-CV-13903, 2018 WL 3639848, at *3 (E.D. Mich. June 20, 2018), report and recommendation adopted, No. 17-13903, 2018 WL 3631581 (E.D. Mich. July 31, 2018). **Attachment F,** *Bowerman v. Lyon*. This claim must be dismissed.

And finally, McGough alleges violation of the criminal wire fraud statute, 18 U.S.C. 1343. But the federal wire fraud statute does not provide for a private cause of action. *Morganroth & Morganroth v DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997). See also *Croy v. Google LLC*, No. CV 23-12106, 2024 WL 4251907, at *6 (E.D. Mich. Aug. 21, 2024), report and recommendation adopted, No. 23-12106, 2024G, *Croy v. Google*. Consequently, McGough's wire fraud claim should be dismissed.

As no private action exists under 18 U.S.C. § 1581, 18 U.S.C. § 1028 & 42 U.S.C. § 408; 18 U.S.C § 1343, McGough's claims under these statutes fail as a matter of law and must be dismissed.

**IV.   McGough's claim for a violation of 18 U.S.C. § 1589 fails because he has provided no plausible evidence of forced labor, and has failed to identify any benefit to White of any alleged forced labor.**

In Count IX, McGough also asserts a violation of the criminal forced labor statute 18 U.S.C. § 1589. This statute creates a private right of action, but it's intended for victims of human trafficking and provides for civil liability of any person who obtains the labor or services of another person through unlawful means. *Jock*, supra. An individual who is a victim of a violation of § 1589 may bring a civil action against a beneficiary of the violation who (1) knowingly benefited or received anything of value, (2) through participation in a venture, (3) "which [the beneficiary] knew or should have known has engaged in an act in violation of [§ 1589 or § 1590]." *Reyes-Trujillo v. Four Star Greenhouse, Inc.*, 513 F. Supp. 3d 761, 793 (E.D. Mich. 2021), citing 18 U.S.C. § 1595(a); *see also H.G. v. Inter-Contl. Hotels Corp.*, 489 F. Supp. 3d 697, 704 (E.D. Mich. 2020).

McGough states only that he brings this claim under an abuse of legal process theory. He provides no facts to support his allegation that he was forced or coerced into providing his labor or services, nor does he provide facts that support a claim that White should be liable under this theory. None of his allegations can plausibly be construed as supporting an allegation that

he was the victim of a forced labor violation and this claim must be dismissed.

## V.     McGough's intentional infliction of emotional distress claim fails because White's conduct wasn't "extreme and outrageous."

McGough can't sustain his intentional-infliction-of-emotional-distress claim. To establish intentional infliction of emotional distress, McGough must satisfy four elements: (1) extreme and outrageous conduct, (2) intentional or reckless conduct, (3) causation, and (4) severe emotional distress. *Roberts v. Auto-Owners Ins. Co.*, 374 N.W.2d 905, 908 (Mich. 1985). In the absence of bodily injury, "more in the way of outrage" is required. *Id.* at 911.

The threshold for intentional infliction of emotional distress is "high." *Swain v. Morse*, 957 N.W.2d 396 (Mich. Ct. App. 2020). Establishing that White acted with tortious, malicious, or even criminal intent isn't enough— none of which McGough would be able to show. *Roberts*, 374 N.W.2d at 907- 908. Liability has been found "only where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.*

White's conduct doesn't rise to the level of extreme and outrageous by any stretch of the imagination. White simply represented her client in a contentious custody matter. Applying Michigan law, the Sixth Circuit has held that more egregious conduct in the child-custody context fell short of extreme and outrageous conduct. *Temple v. Temple,* No. 97-1653, 1998 WL 939535, *7 (6th Cir. Dec. 21, 1998) (deputy's missteps and intentional acts, which resulted in removal of child from father's custody without due process, didn't rise to the level of extreme and outrageous conduct); *Maben v. Terhune,* No. 16-1025, 2016 WL 9447153, *4 (6th Cir. Aug. 19, 2016) (attorney's failure to serve father with mother's motion to modify custody and parenting time, which culminated in father's absence from a hearing at which the court terminated the parental rights of father and awarded sole custody to mother, didn't rise to the level of extreme and outrageous conduct).

Accordingly, McGough's intentional infliction of emotional distress claim must fail and that claim (Count VI) must be dismissed.

**VI.   McGough's malicious prosecution claim fails because the prior proceedings didn't terminate in his favor, there was no absence of probable cause, and no malice.**

McGough additionally appears to plead a malicious prosecution state-law claim. His claim fails as a matter of law.

The elements of a claim for malicious prosecution of a civil proceeding are "(1) prior proceedings terminated in favor of the present plaintiff, (2) absence of probable cause for those proceedings, and (3) 'malice.'" *Friedman v Dozorc*, 412 Mich 1, 48; 312 NW2d 585 (1981). Malice is defined as "a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based." *Id.* at 48 (internal quotations and citations omitted). Probable cause is defined as "a reasonable ground of suspicion, supported by circumstances sufficiently strong to warrant a cautious person in the belief that the accused is guilty of the offense charged." *People v Woods*, 200 Mich App 283, 288; 504 NW2d 24 (1993).

To successfully bring a claim for malicious prosecution of civil proceedings, a plaintiff must further establish that they've suffered a "special injury." *Friedman*, 412 Mich at 32, 42. These special injuries include, "injury to one's fame (as by a scandalous allegation)"; "injury to one's person or liberty"; and "injury to one's property." *Id.* at 33. Here, McGough fails to

27

satisfy *any* of the elements of malicious prosecution. The prior proceeding didn't resolve in his favor; he hasn't pled or suffered a special injury; and White did not act with malice or without probable cause.

Accordingly, McGough's malicious prosecution claim must fail and that claim (Count VII) must be dismissed.

**VII. If only the state claims remain at the end, the Court should decline to exercise its supplemental jurisdiction over those claims.**

A federal court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution . . . " 28 U.S.C. § 1367(a). The Court may decline to exercise supplemental jurisdiction in four circumstances: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exception circumstances, there are other compelling reasons for declining jurisdiction." *Id.*

Whether to decline supplemental jurisdiction is discretionary. *Widgren v. Maple Grove Twp.*, 429 F.3d 575, 586 (2005). But "the balance of considerations usually will point to dismissing the state law claims…." *Id.*

McGough's complaint includes threadbare claims under Section 1983 and the First Amendment, a claim based on miscellaneous statutes that don't provide recovery, and two state claims. But as was shown in the arguments above, his Section 1983 (and the First Amendment) claims fail. If the Court rejects McGough's federal claims, but keeps either of the state-law claims, it should decline to exercise its supplemental jurisdiction over those claims.

## Conclusion and Relief Requested

For the foregoing reasons, White asks this Court to enter an order dismissing McGough's complaint against her in its entirety under Fed. R. Civ. P. 12(b)(6).

COLLINS EINHORN FARRELL PC

BY:   */s/ James J. Hunter*
JAMES J. HUNTER (P74829)
*Attorney for Defendant Veronica J. White*
4000 Town Center, 9th Fl.
Southfield, MI 48075
(248) 355-4141
Dated: May 22, 2025      james.hunter@ceflawyers.com

## Certificate of Compliance

I, James J. Hunter, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

COLLINS EINHORN FARRELL PC

BY:  */s/ James J. Hunter*
JAMES J. HUNTER (P74829)
*Attorney for Defendant Veronica J. White*
4000 Town Center, 9th Fl.
Southfield, MI 48075
(248) 355-4141
Dated: May 22, 2025      james.hunter@ceflawyers.com

**Certificate of Service**

I, James J. Hunter, certify that on May 22, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

COLLINS EINHORN FARRELL PC

BY:   */s/ James J. Hunter*
JAMES J. HUNTER (P74829)
*Attorney for Defendant Veronica J. White*
4000 Town Center, 9th Fl.
Southfield, MI 48075
(248) 355-4141
*james.hunter@ceflawyers.com*

Dated: May 22, 2025

31