United States District Court
Eastern District Of Michigan
Southern Division

Daniel R. McGough,

        Plaintiff,

v.

Patrick J. Conlin, Jr., et al.,

        Defendants.

Case No. 24-cv-13352
Honorable Mark A. Goldsmith
Magistrate Judge David R. Grand

## DEFENDANTS PATRICK J. CONLIN, JR., KELLY A. ROBERTS, 22ND CIRCUIT COURT, AND WASHTENAW COUNTY FRIEND OF THE COURT'S MOTION TO DISMISS

In lieu of an answer to Plaintiff's complaint, Defendants Patrick J. Conlin, Jr., Kelly A. Roberts, 22nd Circuit Court, and Washtenaw County Friend of the Court (collectively, "County Defendants") for reasons more fully stated in the accompanying brief request this Honorable Court dismiss Plaintiff's complaint against them pursuant to the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In accordance with Local Rule 7.1(a), County Defendants sought concurrence in the relief requested from Plaintiff on May 23, 2025. However, County Defendants received an automated email message stating "[t]he recipient's mailbox is full and can't accept messages now." Therefore, concurrence was not obtained.

1

Wherefore, County Defendants respectfully request this Honorable Court grant their motion and dismiss Plaintiff's complaint in its entirety with prejudice.

Respectfully Submitted,

/s/ *Michael L. Auten*
Michael L. Auten (P81884)
Washtenaw County Corporation Counsel
220 N. Main St., PO Box 8645
Ann Arbor, MI 48107
(734) 222-3427
autenm@washtenaw.org
Attorney for Defendants
Honorable Patrick J. Conlin, Jr.,
Kelly A. Roberts,
22nd Circuit Court, and
Washtenaw County Friend of the Court.

Dated: May 27, 2025

United States District Court
Eastern District Of Michigan
Southern Division

---

Daniel R. McGough,

        Plaintiff,

v.                               Case No. 24-cv-13352
                                         Honorable Mark A. Goldsmith

Patrick J. Conlin, Jr., et al.,       Magistrate Judge David R. Grand

        Defendants.

---

## BRIEF IN SUPPORT OF DEFENDANTS PATRICK J. CONLIN, JR., KELLY A. ROBERTS, 22ND CIRCUIT COURT, AND WASHTENAW COUNTY FRIEND OF THE COURT'S MOTION TO DISMISS

## Concise Statement of Issues Presented

I.   Should Plaintiff's Claims against the County Defendants be dismissed because they are barred by the Rooker- Feldman Doctrine?

Answer: Yes

II.   Does Plaintiff lack standing to bring an action for declaratory relief against the County Defendants?

Answer: Yes

III.   Does the 11th Amendment to the United States Constitution bar Plaintiff's federal suit against the County Defendants who are also state departments and officials?

Answer: Yes

IV.   Has Plaintiff failed to state a viable claim under 42 USC. § 1983?

Answer: Yes

V.   Is Honorable Patrick J. Conlin, Jr. entitled to absolute immunity pursuant to MCL 691.1407.

Answer: Yes

VI.   Has Plaintiff failed to plead a cognizable claim for violation of the 14th Amendment?

Answer: Yes

VII.   Has Plaintiff failed to support a claim for civil conspiracy?

Answer: Yes

VIII.   Is Plaintiff's claim for Intentional Infliction of Emotional Distress subject to dismissal because he has failed to plead to appropriate elements of the claim?

Answer: Yes

IX.   Do Plaintiff's Claims of Malicious Prosecution in Violation of the 4th Amendment and State Law Fail as a matter of Law?

   Answer: Yes

X.   Is Plaintiff's Claims Under 18 USC § 1581, 18 USC §1028, 42 USC § 408, and 18 USC § 1343 Barred Because These Statutes do not Have a Private Cause of Action.

   Answer: Yes

XI.   Is Plaintiff's Claim Under 18 USC § 1589 Subject to Dismissal Because he has not Provided any Evidence of a Violation?

   Answer: Yes

## Controlling or Most Appropriate Authorities

- *Alabama v. Pugh,* 438 U.S. 781 (1978).
- *Alden v. Maine*, 527 U.S. 706, 712-713 (1999)
- *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985)
- *County of Sacramento v. Lewis,* 523 U.S. 833 (1998)
- *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)
- *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)
- *Gavitt v. Born*, 835 F.3d 623, 647 (6th Cir. 2016)
- *Maben v. Thelen*, 887 F.3d 252, 270-271 (6th Cir. 2018)
- *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)
- *Payton v. City of Detroit*, 211 Mich. App. 375, 394-5 (1995)
- *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100 (1984)
- *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)
- *Range v Douglas*, 763 F3d 573, 590 (6th Cir. 2014)
- *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014)
- *Reyes-Trujillo v. Four Star Greenhouse, Inc.*, 513 F. Supp. 3d 761, 793 (E.D. Mich. 2021)
- *Roberts v. Auto-Owners Ins. Co.,* 422 Mich. 594, 602 (1985)
- *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010)
- *Wells v. Brown,* 891 F.2d 591, 593 (6th Cir. 1989)
- *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989)
- *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991)
- MCL 552.503(1).
- MCL 600.555
- 18 USC §1028
- 18 USC § 1343
- 18 USC § 1581
- 18 USC § 1859
- 42 USC § 408
- 42 USC. §1983
- U.S. Const. Amend. XIV § 1
- U.S. Const. Amend. XI

## Facts

Plaintiff, Daniel McGough, has been involved in a custody dispute in the 22nd Circuit Court for over five years with Alyssa McCloskey. Based on the docket report and related filings labeling the custody dispute as highly contentious would be an understatement. Plaintiff is no stranger to legal filings as throughout the custody dispute he has initiated multiple filings in the state court action in both a represented and *pro se* fashion. Plaintiff has also initiated five cases with the Michigan Court of Appeals stemming from the facts in this case and has even previously filed a § 1983 action with this honorable court, albeit against McCloskey and her husband as the sole defendants.

While the docket report is lengthy, currently six pages, Plaintiff's instant complaint appears to be limited to a short window of time beginning in late November 2024. It should be noted that while Plaintiff's complaint lists dates in 2023, his attached exhibits prove the 2023 date is a scrivener error and Plaintiff clearly means 2024. Therefore, the facts recited her are limited to this time, though 2023 also has a lengthy and interesting list of filings by Plaintiff as well.

Nonetheless, the crux of the litigation before this honorable court stems from an order issued on November 20, 2024 (see Plaintiff's Exhibit B) suspending Plaintiff's parenting time until further court order. The November 20th order was signed in response to a November 19, 2024 filing by McCloskey of a *Verified*

1

*Motion for Ex Parte Order, Affidavit in Support of Request for Ex Parte Order,* and accompanied by a letter from Dr. Catherine Hiltz, an *Ex Parte Order for Custody/Parenting Time And/Or Child Support*, and a police report supporting the allegations against Plaintiff in McCloskey's motion. (**Exhibit A**). Interestingly, Plaintiff conveniently attaches only a single page of McCloskey's motion to his complaint. When viewed in its entirety though it contains McCloskey's reason for seeking an *ex parte* order, including the police report supporting her allegations in the motion. (**Exhibit A**). The order suspending Plaintiff's parenting time was signed on November 20, 2024. The order was issued *ex parte* as "[t]he Court was satisfied that irreparable injury, loss or damage will result from the delay required to effect notice." Five days later, on November 25, 2024, Plaintiff filed a twenty-page *Motion to Dissolve Ex Parte Order*, wherein he acknowledges that he was personally served with the November 20th order on November 22, 2024. (**Exhibit B**). Again, Plaintiff does not attach the entire order to his complaint. The entire order is two pages, and the second page gives notice to Plaintiff about the timeline for filing a written objection and what will happen if an objection is not filed. (**Exhibit C**). On December 2, 2024, McCloskey's attorney, Veronica White, filed a *Motion for Vexatious Litigator Relief, Attorney Fees and Costs, and Other Relief.* This motion further outlines the significant amount of filing in the state court action by Plaintiff. On December 12, 2024, a hearing was held on multiple motions

2

related to the custody dispute including the *Motion for Vexatious Litigator Relief, Attorney Fees and Costs, and Other Relief* and the *Motion to Dissolve Ex Parte Order.* For the reasons stated on the record, the *Motion for Vexatious Litigator Relief, Attorney Fees and Costs, and Other Relief* was granted placing requirements on Plaintiff for future filing given his lengthy history of frivolous filings. (**Exhibit D**). Additionally, an evidentiary hearing was set to be held on January 24, 2025 for the *Motion to Dissolve Ex Parte Order*.

Plaintiff quickly sought other avenues for relief from the November 20th and December 12th orders. On December 10, 2024, Plaintiff filed a complaint for mandamus with the Michigan Court of Appeals. (**Exhibit E**). The COA properly considered the complaint as one for superintending control, but also properly dismissed for lack of jurisdiction on December 23, 2024 "because an appeal from [the November 20th and December 12th] orders is available." (**Exhibit F**). Upon that information, Plaintiff promptly filed an appeal with the COA that same day: December 23, 2024. (**Exhibit G**). However, on March 5, 2025, the appeal was dismissed for failure to cure filing defects in a timely manner. (**Exhibit H**). Of course, none of these pending actions with the COA kept Plaintiff from filing the instant action with this honorable court on December 16, 2024 and continuing to pursue it even after the order on the January 24, 2025 evidentiary hearing. (**Exhibit I**).

3

To put this case simply, Plaintiff is a state court loser who now attempts to bring his claims in federal court where they do not belong. The law does not allow Plaintiffs to take multiple bites at the apple by bringing previously litigated state court claims to federal court under the guise of Federal Civil Rights violations.

## Standard of Review

"To survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v Lucent Techs., Inc*, 520 F3d 516, 519 (CA 6, 2008) (internal citation omitted). Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when the complaint fails to state a claim upon which relief can be granted. Dismissal under Fed. R. Civ. P. 12(b)(1) is appropriate when the court lacks subject matter jurisdiction.

## Law and Analysis

### I.   Plaintiff's Claims against the County Defendants are Barred by the *Rooker-Feldman* Doctrine

Plaintiff's alleged constitutional claims against the County Defendants are barred by the *Rooker-Feldman* doctrine because they collaterally attack the orders entered in a state court child custody action. Because this Court does not have

4

jurisdiction to sit in direct review of the state courts' decisions, this Court should dismiss all claims against the County Defendants under Fed. R. Civ. P. 12(b)(1).

"In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), the Supreme Court held that a federal district court may not review a state court decision for alleged federal law error." *Fieger v. Ferry*, 471 F.3d 637, 642 (6th Cir. 2006). The Court reaffirmed that holding sixty years later in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In *Feldman*, the Court stated:

> [L]ower federal courts possess no power whatever to sit in direct review of state court decisions. If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial [of a claim] in a judicial proceeding . . . then the District Court is in essence being called on to review the state-court decision. This the District Court may not do.

*Fieger*, 471 F.3d at 642, *citing Feldman*, 460 U.S. at 482, n.16 (internal citations omitted). "The principles enunciated in *Rooker* and *Feldman* have become known as the *Rooker-Feldman* doctrine." *Fieger*, 471 F.3d at 642. As the United States Supreme Court later clarified, the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

In *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006), the Sixth

Circuit explained "how to differentiate between a claim that attacks a state court judgment, which is within the scope of the *Rooker-Feldman* doctrine, and independent claim over which a district court may assert jurisdiction." Specifically, when deciding whether *Rooker-Feldman* applies, "[t]he inquiry . . . is the source of the injury the plaintiff alleges in the federal complaint." *Id*. "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third-party's actions, then the plaintiff asserts an independent claim." *Id*. **_Rooker-Feldman_ applies when "the plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law." _Id._** Thus, under *Rooker-Feldman*, "a litigant cannot seek to collaterally attack a state court judgment by simply casting his complaint in the form of a civil rights action." *Helfrich v. Marcelain*, No. 2:08-CV-01201, 2009 WL 2243800, at *1 (S.D. Ohio July 23, 2009).

Plaintiff's complaint in the instant case is exactly what the *Rooker-Feldman* doctrine prohibits. The essence of Plaintiff's complaint is that two separate state court orders issued on November 20, 2024 and December 12, 2024 respectively, attached to his complaint as Exhibit A and Exhibit B, violated Plaintiff's constitutional rights. The relief Plaintiff seeks is essentially for the federal court to overturn these state court rulings. However, such action by the federal court is

6

impermissible under the *Rooker-Feldman* doctrine. The Sixth Circuit has repeatedly held that when claims are based merely on a plaintiff's disagreement with state court's decisions, the *Rooker-Feldman* doctrine bars the claims. *See*, *e.g.*, *Fieger*, 471 F.3d at 644 (dismissing plaintiff's declaratory judgment claim that certain Michigan Supreme Court Justices had violated plaintiff's constitutional rights under *Rooker-Feldman*).[1] It is impossible for this Honorable Court to adjudicate Plaintiff's claims in the instant case without ultimately reviewing and vacating the state court rulings in this matter. Therefore, Plaintiff's claims against the County Defendants must be dismissed with prejudice under Fed. R. Civ. P. 12(b)(1) because pursuant to the *Rooker-Feldman* doctrine this Honorable Court lacks subject matter jurisdiction.

---

[1] *See also Davis v. Johnson*, 664 F. App'x 446, 448-51 (6th Cir. 2016) (federal lawsuit claiming, among other things, that state circuit court judge's prior decisions against the plaintiff violated the plaintiff's First and Fourteenth Amendment rights under 42 U.S.C. § 1983 was barred by *Rooker-Feldman* because "[t]he injuries alleged . . . [were] purportedly caused by the judicial orders handed down by [the state court judge] against the plaintiff."); *Hancock v. Miller*, 852 Fed. App'x 914, 922 (2021) (refusing to exercise jurisdiction over claims that alleged constitutional injury resulting from state court order); *Evans et al. v. City of Ann Arbor et al.*, No. 22-1774, 2023 WL 5146731, at *6 (6th Cir. Aug. 10, 2023) ("And the [plaintiffs'] requested relief gives away the game: plaintiffs ask us to vacate the state court judgment. It is clear the source of the plaintiff's injury is the state court judgment itself.") (cleaned up); *Musilli*, 2006 WL 3030974, at *4 ("Granting relief on [the plaintiffs'] claims would undoubtedly imply that the state court's contempt orders and judgment were incorrect. The claims are therefore inextricably intertwined with the state court proceedings and the Court lacks jurisdiction to review them.").

**II.    Plaintiff lacks standing to bring a claim against the County Defendants.**

Plaintiff's claims against the County Defendants must be dismissed because Plaintiff cannot meet his burden to establish that he has standing to sue the County Defendants. Plaintiff lacks standing to bring an action for declaratory judgment against the County Defendants because his claim against the County Defendants only alleges past harm to Plaintiff. "In the context of a declaratory judgment action, allegations of past injury alone are not sufficient to confer standing. The plaintiff must allege and/or "demonstrate actual present harm or a significant possibility of future harm." *Fieger v. Ferry*, 471 F.3d 637, 643–44 (6th Cir. 2006); *see also O'Shea v. Littleton,* 414 U.S. 488, 495–96 (1974) (explaining that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief"); *Golden v. Zwickler,* 394 U.S. 103, 109–10 (1969) (dismissing the plaintiff's action seeking a declaration that a state statute was unconstitutional because the likelihood of the plaintiff's suffering repeat exposure to the statute was remote and, thus, the plaintiff lacked standing); *Brent v. Wayne Cty. Dep't of Hum. Servs*., 901 F.3d 656, 675 (6th Cir. 2018)(plaintiff lacked standing to seek declaratory judgment that lower court judge's policy of rubber-stamping signature on child removal orders was unconstitutional where he could not show allegations of likely future harm).

Plaintiff has failed to meet his burden of demonstrating standing to seek declaratory relief against the County Defendants because Plaintiff has failed to allege actual present harm or a significant possibility of future harm. In Plaintiff's request for relief he requests "[a] declaration that Defendants' actions violated Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments, specifically concerning procedural due process, substantive due process, equal protection, and the right to petition the government." All Plaintiff's allegations arise out of the state court proceedings from November and December 2024. Plaintiff fails to show any plausible allegation that the alleged violation of his constitutional rights will harm him in the future. As a result, Plaintiff lacks standing to bring an action for declaratory judgment against the County Defendants

## III.   The Eleventh Amendment bars federal suits against states for money damages unless that immunity is abrogated or waived by the state.

The U.S. Const. Amend, XI, provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

The Eleventh Amendment to the United States Constitution prevents a state from being sued in federal court without its consent. *Alabama v. Pugh,* 438 U.S. 781 (1978).  An un-consenting state is immune from lawsuits brought in federal court

9

by its own citizens, as well as by citizens of another state.  *Alden v. Maine*, 527
U.S. 706, 712-713 (1999).  The Eleventh Amendment is a constitutional
restriction on the federal judicial power "based in large part on 'the problems of
federalism inherent in making one sovereign appear against its will in the courts of
the other.'"  *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100
(1984).

      The Supreme Court has consistently ruled that the Eleventh Amendment
is a bar to lawsuits against states, state agencies or state departments unless
specifically overridden by an act of Congress, or unless the state has consented
to be sued.  *Pennhurst, Id.*; *Alabama v. Pugh*; *Edelman v. Jordan*, 415 U.S. 651
(1974). Circuit Courts are created by the Michigan Constitution as the state trial
court of general jurisdiction. "There is created in each judicial circuit of this
state an office of the friend of the court…" MCL 552.503(1). The Circuit Court,
including the Office of the Friend of the Court, operates under the guidance and
management of the State Court Administrative Office.

      The bar against suits for money damages also applies when State officials
are sued for damages in their official capacities.  *Maben v. Thelen*, 887 F.3d 252,
270-271 (6th Cir. 2018) (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)).
Pursuant to MCL 600.555, circuit court judges receive a salary from both the
state and the County, which makes them state officials. Further, state officials

10

acting in their official capacity are also not "persons" under § 1983.  *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989).

It is the plaintiff's affirmative duty to plead the capacity in which he or she is suing the defendants.  *Wells v. Brown,* 891 F.2d 591, 593 (6th Cir. 1989). Absent clear notification that defendants are being sued in their individual capacities, courts must assume that they are being sued in their official capacities.  *Whittington v. Milby,* 928 F.2d 188, 193 (6th Cir. 1991). Therefore, in the instant case Defendants Honorable Patrick J. Conlin, Jr. and Kelly A. Roberts are sued in their official capacities.

Accordingly, all claims for money damages against Defendants Honorable Patrick J. Conlin, Jr., Kelly A. Roberts, 22nd Circuit Court, and Washtenaw County Friend of the Court must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

## IV.     Plaintiff has failed to state a claim under 42 USC. § 1983.

A complaint must contain allegations concerning all of the material elements to sustain a recovery under a viable legal theory. *Lillard v. Shelby County Bd. Of Ed.,* 76 F.3d 716, 726 (6th Cir. 1996). The Supreme Court in *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544 (2007), noted that it is significant that Rule 8(a)(2) requires a "showing" of entitlement to relief, rather than merely a "blanket assertion." *Id.* at 556.  A plaintiff must "satisfy the requirement of

11

providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*.  The Court held that a "showing that the pleader is entitled to relief" requires the allegation of sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of [entitlement to relief]." *Id*. at 556.  Citing *Twombly*, the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), explained that:

> the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of actions will not do." Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement."

*Id.* at 678 (citations omitted).  Although Rule 8(a) does not bar the courthouse door to plaintiffs for lack of perfect specificity, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Id.* at 678-679.

Plaintiff claims violation of his First, Fourth, and Fourteenth Amendment rights, but his broad sweeping allegations are insufficient to establish violations under any of these constitutional provisions. Accordingly, Plaintiff has failed to establish the elements of any violation of his constitutional rights because he has failed to offer anything other than a blanket assertion of injury arising out of lawfully issued state court orders in a

child custody matter. Therefore, his complaint against the County Defendants

must be dismissed under Fed. R. Civ. P. 12(b)(6) because he has failed to state

a claim.

## V.   Honorable Patrick J. Conlin, Jr. is entitled to absolute immunity pursuant to MCL 691.1407.

For judges, legislators, and the highest executive officials, the Michigan

Legislature substantially adopted the test set forth in *Ross v Consumers Power Co*

(On Rehearing), 420 Mich 567, 363 NW2d 641 (1984). According to MCL

691.1407(5), "A judge, a legislator, and the elective or highest appointive

executive official of all levels of government are immune from tort liability for

injuries to persons or damages to property if he or she is acting within the scope of

his or her judicial, legislative, or executive authority." This broad grant of absolute

immunity to judges, legislators, and the highest executive officials is based on the

belief that public employees who are delegated policy-making powers should not

be intimidated by the threat of personal liability or distracted by civil litigation

from the vigorous discharge of their public duties. *Ross*, 420 Mich at 632.

Honorable Patrick J. Conlin, Jr. is entitled to absolute immunity as a judge.

*Marrocco v Randlett*, 431 Mich 700, 707, 433 NW2d 68 (1988). At all relevant

times he was a judge engaging in conduct within his respective executive authority

to discharge his public duties. Therefore, all claims against Honorable Patrick J.

Conlin, Jr. should be dismissed pursuant to 12(b)(6).

## VI.    Plaintiff has no cognizable claim for a 14th Amendment Violation.

Plaintiff has failed to plead any cognizable claim under the 14th Amendment. It is

undisputed that the right to parent one's child is protected by the Due Process

Clause. In fact, "[p]arents have a fundamental liberty interest in maintaining a

relationship with their children." *Care & Protection of Erin,* 443 Mass. 567, 570,

823 N.E.2d 356 (2005). *Adoption of Edmund,* 50 Mass.App.Ct. 526, 529, 739

N.E.2d 274 (2000). As such, state action terminating or altering a parent-child

relationship must comport with due process protections, including notice and an

opportunity to be heard at a meaningful time and in a meaningful

manner. *Adoption of Hugh,* 35 Mass.App.Ct. 346, 347, 619 N.E.2d 979

(1993). However, Plaintiff's complaint is void of any factual allegation nor is there

any evidence to support the contention that he was denied procedural due process.

In fact, the evidence here lays out the opposite: Plaintiff was afforded substantial

due process, he just doesn't like the result. While the November 20, 2024 order

was issued *ex parte* there was good reason for doing so given the substantial

evidence in McCloskey's motion. Even then, Plaintiff was given a chance to

respond and did so by filing his own motion only five days later. A hearing was

then held 17 days later and an evidentiary hearing was then set for the next month. At the evidentiary hearing, the suspension of Plaintiff's parenting time was upheld.

Similarly, there is no support for a substantive due process claim. To support a viable substantive due process claim a plaintiff must ordinarily demonstrate an "abuse of power ... [that] shocks the conscience." *County of Sacramento v. Lewis,* 523 U.S. 833, 846; 118 S.Ct. 1708; 140 L.Ed.2d 1043 (1998). Conduct shocks the conscience if it "violates the 'decencies of civilized conduct.'" *Id.* The conduct must be "intended to injure" without any justifiable government interest." *Range v Douglas*, 763 F3d 573, 590 (6th Cir. 2014). Plaintiff's Due Process claims here hinge on sweeping allegations with no direct application to his particular case. Plaintiff has failed to establish how any of the actions taken arise to the level of a substantive due process claim and as such his claim must fail.

Finally, The Equal Protection Clause exists to protect every person from intentional and arbitrary discrimination by government actors. Specifically, "[n]o state shall … deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV § 1. Plaintiff alleges that he was treated differently than individuals in similar situations, but he fails to show how he was treated differently or how he was similarly situated. When making an equal protection claim the Plaintiff bears the initial burden of proving that some denial of equal protection occurred. *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439

(1985). Plaintiff has failed to prove that burden here and accordingly his claim must be dismissed.

Plaintiff has failed to establish any 14th Amendment violation and as such his claims under the 14th Amendment should be dismissed with prejudice pursuant to 12(b)(6).

## VII.   Plaintiff's claims for civil conspiracy must be dismissed.

In order to establish a claim for civil conspiracy, Plaintiff must demonstrate "(1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed in furtherance of the conspiracy that caused the injury." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014). "[I]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gavitt v. Born*, 835 F.3d 623, 647 (6th Cir. 2016). Plaintiff has failed to establish any evidence that the County Defendants conspired to deprive him of any constitutional rights. Nor has he established that an overt act was committed to further the alleged conspiracy. For these reasons, Plaintiff's claims of civil conspiracy must be dismissed pursuant to 12(b)(6).

**VIII.    Plaintiff's Claim for Intentional Infliction of Emotional Distress Must be Dismissed.**

A prima facie case of Intentional Infliction of Emotional Distress requires four elements: (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress. *Roberts v. Auto-Owners Ins. Co.,* 422 Mich. 594, 602; 374 N.W.2d 905 (1985); *Vanvorous v. Burmeister*, 262 Mich. App. 467, 481; 687 N,W.2d 132 (2004).

Once again, Plaintiff makes a wide sweeping accusation with absolutely zero support for the allegation. Plaintiff has not pled a single fact that supports any of the elements of a claim for Intentional Infliction of Emotional Distress and as such this claim against County Defendants must be dismissed with prejudice pursuant to 12(b)(6).

**IX.    Plaintiff's Claims of Malicious Prosecution in Violation of the 4th Amendment and State Law Fail as a matter of Law.**

**A. Federal Malicious Prosecution**

The Sixth Circuit recognizes a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment which encompasses wrongful investigation, prosecution, conviction and incarceration.  *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010).  To succeed on a malicious prosecution claim under 42 USC. §1983, a plaintiff must prove the following: (1) criminal prosecution was initiated against plaintiff, and defendants made, influenced, or participated in the

decision to prosecute; (2) lack of probable cause for the criminal prosecution; (3) as a result of the legal proceeding plaintiff suffered a deprivation of liberty apart from the initial seizure, and; (4) the criminal proceeding terminated in plaintiff's favor. *Id* at 308-309.

While Count VII alleges Malicious Prosecution, Plaintiff does not plead a prosecution nor any other single fact to support this assertion. Therefore, Plaintiff has failed to prove any element of his malicious prosecution claim and as such it should be dismissed in its entirety pursuant to 12(b)(6).

### B. State Malicious Prosecution

Under Michigan law, in order to maintain an action sounding in malicious prosecution, Plaintiff must plead and prove (1) prior proceedings terminated in his favor, (2) absence of probable cause for those proceedings, (3) malice which is defined as a purpose other than that of securing proper adjudication of the claim in which the proceedings are based, and (4) a special injury that flows directly from the prior proceedings. *Payton v. City of Detroit*, 211 Mich. App. 375, 394-5; 536 N.W.2nd 233 (1995). *Payton* made it clear that actions for malicious prosecution are NOT favored in Michigan, and should be managed with great caution by the trial court. *Id* at 395.

While Count VII alleges Malicious Prosecution, Plaintiff does not plead a prosecution let alone another single fact to support his assertion. Therefore,

18

Plaintiff has failed to prove any element of his malicious prosecution claim and as such it should be dismissed in its entirety pursuant to 12(b)(6).

**X.  Plaintiff's Claims Under 18 USC § 1581, 18 USC §1028, 42 USC § 408, and 18 USC § 1343 Must Fail Because These Statutes do not Have a Private Cause of Action.**

Plaintiff's complaint alleges violation of several federal Anti-Slavery and Forced Labor Statutes. Specifically, Plaintiff alleges violation of 18 USC § 1581, 18 USC §1028, 42 USC § 408, and 18 USC § 1343. Each claim by Plaintiff under these statutes must fail though because these statutes do not have a private cause of action. Accordingly, Plaintiff's claims under 18 USC § 1581, 18 USC §1028, 42 USC § 408, and 18 USC § 1343 must be dismissed pursuant to 12(b)(6).

**XI.  Plaintiff's Claim Under 18 USC § 1589 must fail because he has not provided evidence of any violation.**

While 18 USC § 1859 creates a private cause of action, Plaintiff has wholly failed to assert any evidence to substantiate a claim under this statute. More specifically, an individual may bring a civil action against a party who (1) knowingly benefited or received anything of value, (2) through participation in a venture, (3) "which [the beneficiary] knew or should have known has engaged in an act in violation of [§ 1589 or § 1590]." *Reyes-Trujillo v. Four Star Greenhouse, Inc.*, 513 F. Supp. 3d 761, 793 (E.D. Mich. 2021), citing 18 USC. § 1595(a); see also H.G. v. Inter-Contl. Hotels Corp., 489 F. Supp. 3d 697, 704 (E.D. Mich. 2020). Plaintiff here provides zero evidence to support his allegation of County

Defendants violation of 18 USC § 1589 and accordingly this court must dismiss

Plaintiffs claim with prejudice pursuant to 12(b)(6).

### Conclusion

For the reasons stated above, County Defendants respectfully request this

Honorable Court enter an order dismissing all claims against them in their entirety

and with prejudice along with any other relief the Court may deem appropriate

under the circumstances.

Respectfully Submitted,

/s/ *Michael L. Auten*
Michael L. Auten (P81884)
Washtenaw County Corporation Counsel
220 N. Main St., PO Box 8645
Ann Arbor, MI 48107
(734) 222-3427
autenm@washtenaw.org
Attorney for Defendants
Honorable Patrick J. Conlin, Jr.,
Kelly A. Roberts,
22nd Circuit Court, and
Washtenaw County Friend of the Court.

Dated: May 27, 2025

### Certificate of Service

I hereby certify that on May 27, 2025**,** I electronically filed the foregoing

papers with the Court Clerk using the ECF system, which will send notice to all

ECF filers of record.

/s/ *Michael L. Auten*
Michael L. Auten (P81884)