UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Daniel McGough,
*Plaintiff*,
v.
Patrick Conlin Jr., et al.,
*Defendants*.

Case No. 24-CV-13352
Honorable Mark A Goldsmith
Magistrate Judge David R. Grand

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION

This case arises not from simple disagreement with a state court ruling, but from a sustained pattern of unconstitutional conduct perpetrated under color of law by officials of Washtenaw County. At its core, the Complaint alleges a systematic deprivation of Plaintiff's fundamental rights—including the right to parent, the right to due process, the right to access courts, and the right to speak and petition for redress—carried out through a series of retaliatory, jurisdictionally void, and procedurally unlawful actions by judicial officers, court staff, and associated parties.

This is not a disguised appeal of a state judgment, nor an attempt to relitigate adverse rulings. Rather, it is a facially valid federal civil rights action brought under 42 U.S.C. § 1983 to remedy egregious violations of the U.S. Constitution—violations that include:

- The ex parte suspension of Plaintiff's parental rights without notice or hearing,
- The imposition of unlawful financial barriers to court access,
- The retaliatory use of contempt powers and prosecutorial processes following Plaintiff's protected expression and litigation activities,
- The enforcement of wage garnishment orders without due process or valid judgment, and
- The systemic refusal to hear jurisdictional challenges raised by Plaintiff in special appearance.

Submitted on: June 26, 2025 By: **Daniel McGough**, Pro Se Plaintiff
PO Box 970081, Ypsilanti, MI 48197

Judicial immunity does not protect judges who act outside their jurisdiction, in an administrative capacity, or in retaliation for constitutionally protected conduct. Nor do doctrines such as *Rooker-Feldman* or *Younger* abstention bar federal courts from hearing claims involving non-judicial misconduct, ongoing constitutional violations, or proceedings conducted in bad faith.

The allegations are supported by detailed factual assertions and corroborating exhibits. They are neither conclusory nor speculative—they are legally cognizable and facially plausible under established constitutional doctrine.

Accordingly, Defendants' Motion to Dismiss is not only legally insufficient, it underscores the very problem at the heart of this case: the reflexive dismissal of Plaintiff's rights without due process or meaningful review. For the reasons set forth herein, the Motion must be denied in its entirety.

## II. FACTUAL BACKGROUND

Plaintiff is the natural father of Simon Aurelius McGough. Between November 2024 and June 2025, Plaintiff was systematically deprived of his parental rights through a series of unconstitutional acts by Defendants, including:

- **Ex Parte Suspension of Parenting Time** without hearing or justification (Exhibit B).
- **Ignored Motions to Dissolve** despite verified allegations (Exhibit C).
- **Retaliatory Motions and Contempt Threats** after Plaintiff filed federal suit (Exhibits D, I).
- **Unlawful Bond Requirements** imposed as preconditions to court access (Exhibits F, J).
- **Court Staff Interference** in scheduling and access (Exhibit E).
- **Refusal to Hear Quo Warranto Jurisdictional Challenge** (Exhibits G, O).
- **Suppression of Jury Trial Rights and Evidence** (Exhibit N).
- **Religious and Familial Censorship** enforced by non-party (stepfather) through Washtenaw County Court orders (Exhibits U, V).
- **Sworn Judicial Oaths of Office (Exhibit X) bind Defendants to uphold the Constitution,** which they repeatedly and knowingly violated through the actions detailed herein.

This pattern constitutes ongoing constitutional harm, not protected judicial action.

Ongoing wage garnishment under color of state order, without valid judgment or opportunity to contest the underlying obligation (Exhibit V). Defendants have never addressed the lawfulness of this financial taking.

At no point did Plaintiff voluntarily submit to the jurisdiction or proceedings of the Washtenaw County Court. On the contrary, Plaintiff's in-person appearances were made under conditions of extreme duress, coercion, and the existential threat of being permanently separated from his minor son. A punitive separation Defendants are still facilitating. Plaintiff consistently made **special appearances**, expressly reserving and challenging the Court's jurisdiction at every stage of the underlying state proceedings. These jurisdictional challenges were either ignored outright or refused a hearing, as documented in Exhibits G and O. Plaintiff's participation under such coercive conditions cannot be construed as consent or waiver of constitutional protections.

## III. LEGAL STANDARD

Under **Fed. R. Civ. P. 12(b)(6)**, a complaint must only plead sufficient facts to state a claim that is plausible on its face. **Ashcroft v. Iqbal**, 556 U.S. 662 (2009); The Court must construe all factual allegations in the plaintiff's favor. **Bell Atl. Corp. v. Twombly**, 550 U.S. 544 (2007). All factual allegations are assumed true, and all inferences resolved in favor of the non-moving party.

Plausibility does not demand detailed evidence at the pleading stage; it requires only a reasonable inference that the defendant's are liable for the alleged misconduct.

Plaintiff easily surpasses this threshold.

## IV. ARGUMENT
### A. Judicial Immunity Does Not Apply

**1. Suspension of Natural Rights Without Hearing (Exhibit B):**
The November 20, 2024 ex parte order lacked notice, hearing, or evidentiary findings. This is administrative, not judicial, conduct—thus not protected by immunity. *Forrester v. White, 484 U.S. 219 (1988); Mireles v. Waco, 502 U.S. 9 (1991).*

**2. Financial Gatekeeping Through Bonds (Exhibits F, J):**
Imposing $2,000–$5,000 bonds to be heard in court is administrative and punitive. Even if considered judicial, it violates constitutional access rights. *Boddie v. Connecticut, 401 U.S. 371 (1971).*

**3. Retaliatory Conduct (Exhibits D, I):**

The filing of retaliatory contempt motions and sanctions following Plaintiff's federal lawsuit (Exhibit H) is not immune. *Dennis v. Sparks*, 449 U.S. 24 (1980); *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999).

**4. Clear Absence of Jurisdiction (Exhibits G, O):**

By refusing to adjudicate Plaintiff's repeated jurisdictional challenges and maintaining unlawful procedural barriers, Defendants acted in clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). Such conduct exceeded the scope of judicial authority and constitutes a willful breach of Defendants' sworn oaths to uphold the U.S. and Michigan Constitutions (Exhibit X). These actions are not mere legal error or poor judgment; they represent bad faith, ultra vires conduct that strips Defendants of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 227–29 (1988) (no immunity for judges acting administratively or punitively); *Dennis v. Sparks*, 449 U.S. 24, 31 (1980).

Plaintiff repeatedly contested the court's jurisdiction both in writing and verbally on the record (Exhibits G, O), making only special appearances—under formal protest—to avoid further deprivation of his parental rights. His participation was not voluntary; it was compelled under the threat of permanent familial separation. Separation they still are controlling today. Jurisdiction cannot be created by coercion.

Indeed, opposing counsel went so far as to argue that Plaintiff's physical presence alone constituted consent to the court's authority—an assertion that ignores the legal significance of jurisdictional objections and mischaracterizes coerced appearance as voluntary submission. The Supreme Court has made clear that due process forbids conditioning fundamental rights on involuntary participation. See *Boddie v. Connecticut*, 401 U.S. 371 (1971). Plaintiff's appearances were special, not general; compelled, not consensual; and expressly preserved jurisdictional objections at every step.

Defendants' refusal to address these challenges—combined with their reliance on Plaintiff's coerced presence—confirms that they acted without lawful authority and are therefore not entitled to immunity.

## B. Multiple Plausible § 1983 Claims
**1. Due Process Violations:**
- **Ex Parte suspension** without hearing (Exhibit B).
- **Ignored motions to dissolve** (Exhibit C).
- **Refusal to adjudicate jurisdiction** (Exhibit O).
- **Constructive denial of appeal** due to unpaid punitive bond (Exhibit K).
- **Suppression of trial rights** (Exhibit N).

All constitute violations under *Mathews v. Eldridge, Troxel v. Granville*, and *Griffin v. Illinois*.

## 2. First Amendment Retaliation:

Plaintiff's filing of this § 1983 lawsuit (Exhibit H) was met with contempt motions (Exhibit I) and escalated financial sanctions (Exhibit F). *Zilich v. Longo, 34 F.3d 359 (6th Cir. 1994)*.

## 3. Access to Courts:

The use of financial preconditions (Exhibits F, J) and procedural manipulation (Exhibits K, M) obstructed Plaintiff's ability to be heard, violating *Christopher v. Harbury*, 536 U.S. 403 (2002).

## 4. Conspiracy and Abuse of Process:

Evidence of coordinated filings (Exhibit D), shared retaliatory motives (Exhibit I), and suppression of evidence (Exhibit N) supports a § 1983 conspiracy claim. *Sines v. Kessler, 558 F. Supp. 3d 601 (W.D. Va. 2021)*.

## 5. Equal Protection Violations

The record shows unequal treatment and denial of natural rights based on financial status (Exhibits J, K), religious views (Exhibits S, U), and family structure. Such discrimination violates Griffin v. Illinois, 351 U.S. 12 (1956), and standard Equal Protection Clause jurisprudence.

## 6. Unlawful Takings and the Defendants' Silence

Plaintiff has alleged, with documentary support, that Defendants have unlawfully garnished his wages through state enforcement mechanisms, despite the absence of a valid judgment, due process, or any opportunity for meaningful review (Exhibit V). This ongoing garnishment continues even after Plaintiff explicitly served cease and desist notices, submitted multiple demands for justification under *quo warranto*, and provided unrebutted evidence of liability. The fact that Defendants—and by extension, this Court—persist in enforcing these garnishments without judicial findings, notice, or hearing demonstrates a flagrant disregard for constitutional protections and due process. It amounts to an unconstitutional taking under the Fifth and Fourteenth Amendments. See *Fuentes v. Shevin, 407 U.S. 67 (1972)*.

Tellingly, Defendants' Motion to Dismiss fails to address this allegation at all. Such silence is not incidental; under Rule 12(b)(6), a movant must respond to all material allegations of the complaint. Failure to do so concedes the plausibility of the claim at the motion to dismiss stage. See *United States*

*v. Real Prop. Located at 2323 Charms Rd.*, 946 F. Supp. 2d 637, 645 (E.D. Mich. 2013) ("Unaddressed allegations are not resolved in defendant's favor").

This omission—particularly in light of the detailed notice and documentary record—further reinforces the plausibility of Plaintiff's claim and independently warrants denial of the motion.

### C. Rooker-Feldman Does Not Apply

This case does not challenge any state judgment. It challenges:

- **Administrative gatekeeping (Exhibits F, J)**,
- **Unlawful retaliation (Exhibits D, I)**,
- **Independent constitutional violations** occurring outside state decisions.

Plaintiff is not asking the Court to reverse a state court judgment. He challenges acts outside judicial proceedings, including administrative decisions, jurisdictional nullities, and retaliatory conduct. See *Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005)*.

### D. Younger Abstention Is Inapplicable

Abstention is inappropriate where:

- **Plaintiff is barred from participation** (Exhibits J, K),
- **Misconduct is extrajudicial and ongoing** (Exhibits M, O, U),
- **Bad faith retaliation is evident** (Exhibit I).

See *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982); Nimer v. Litchfield Twp. Bd. of Trs., 707 F.3d 699 (6th Cir. 2013)*.

Plaintiff has been excluded from meaningful participation in the state forum. Moreover, the state court acts with demonstrable bad faith and unconstitutional motivations. See *Nimer v. Litchfield Twp. Bd. of Trs., 707 F.3d 699 (6th Cir. 2013)*.

### V. CONCLUSION

Plaintiff has pled detailed and well-supported facts showing a sustained and ongoing pattern of unconstitutional interference with his fundamental rights—particularly the right to parent, the right to access courts, and the right to petition without retaliation. These violations are not historical—they are actively ongoing.

**To this day, Plaintiff remains separated from his minor son, with no meaningful contact or communication permitted since before the filing of this federal civil rights action.** Despite the pendency of this case—and related civil rights actions now before this Court in Case No. 2:25-cv-10571, and Case No. 2:25-cv-11226—Defendants continue to enforce orders that suspend Plaintiff's fundamental rights without valid jurisdiction, evidentiary hearing, or judicial accountability.

This prolonged deprivation of access to Plaintiff's first-born son constitutes a continuing constitutional injury. It is a real-time denial of natural rights without due process, and it remains wholly unaddressed by Defendants, even after formal notice through federal litigation. The absence of corrective action in response to this Court's jurisdiction further highlights the ultra vires nature of the state actions at issue.

Judicial immunity and abstention doctrines do not—and cannot—extend to conduct taken in bad faith, retaliation, in the clear absence of jurisdiction, or in violation of core constitutional principles. See *Stump v. Sparkman*, 435 U.S. 349 (1978); *Forrester v. White*, 484 U.S. 219 (1988). Defendants' sustained misconduct, including ongoing wage garnishment without valid judgment or opportunity for contest, exemplifies this.

Moreover, by continuing to deny access to Plaintiff's child without hearing, process, means to motion the court, or justification, Defendants affirmatively demonstrate that this is not about judicial discretion—it is about **judicial overreach**, **retaliation**, and **constitutional breakdown**.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court **DENY** Defendants' Motion to Dismiss and permit this matter to proceed so that these ongoing constitutional violations may be addressed and remedied.

### Statement Pursuant to Local Rule 7.1(a)
Pursuant to E.D. Mich. L.R. 7.1(a), Plaintiff made an effort to obtain concurrence from Defendants' counsel on the morning of June 26, 2025. Due to time constraints related to the filing deadline, a limited window was provided for response. Concurrence was not obtained.

### Certificate of Service
I hereby certify that on June 26, 2025**,** I electronically emailed the foregoing documents to opposing counsel at autenm@washtenaw.org and with the Court Clerk using the Pro Se document upload system.

**Respectfully submitted**,
/s/ Daniel McGough, Pro Se Plaintiff
PO BOX 970081 Ypsilanti, MI 48197
**Dated:** June 26, 2025

# 📁 Exhibit X – December 22, 2014

**Title:** Sworn Oaths of Office: Judge Patrick Conlin Jr

Affirms their constitutional duty, which was knowingly breached through the misconduct detailed in this Memorandum and accompanied Composite Exhibit.

## OATH OF OFFICE

STATE OF MICHIGAN  
County of Washtenaw   SS.

I do solemnly swear that I will support the Constitution of the United States and the Constitution of this State, and that I will faithfully discharge the duties of the office of _Circuit Court Judge_ according to the best of my ability.

Signature: *[signed]*  
Name Printed or Typed: PATRICK J. CONLIN, JR

Sworn to and subscribed before me this 22nd day of December 2014.

Signature: *Kelly A Roberts*

Name of Notary: Kelly A. Roberts  
County: Washtenaw  
Commission Expires: 1/8/2018

\* This information is requested if Oath of Office is taken before someone other than a notary public.

\*\* When filing with the Secretary of State, original signatures are required.

Form 32–5/99–5M