UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DANIEL R. McGOUGH,

    Plaintiff,

v.

PATRICK J. CONLIN, JR.,
VERONICA J. WHITE,
KELLY A. ROBERTS,
22ND CIRCUIT COURT,
WASHTENAW COUNTY FRIEND OF THE COURT,
MDHHS-OFFICE OF CHILD SUPPORT,
MICHIGAN UNEMPLOYMENT INSURANCE AGENCY,

    Defendants.

Case No. 2:24-cv-13352-MAG-DRG
Honorable Mark A. Goldsmith
Magistrate Judge David R. Grand

---

**Defendant Veronica White's Reply Brief in Support of her Motion to Dismiss for Failure to State a Claim**

McGough's claims against White should be dismissed under Fed. R. Civ. P. 12(b)(6) because McGough hasn't stated any claim upon which relief can be granted.

McGough filed an untimely response to White's motion to dismiss. The Court issued an "Order Requiring Response" on June 2, 2025 (ECF No. 25). That order required a "response to Defendant's Motion to dismiss (ECF No. 19) on or before June 26, 2025. *Id*. McGough filed his response to ECF 19

1

on June 30, 2025 (see ECF No. 31). In his response, McGough notes that "the present filing corrects a procedural delay caused by the mislabeling of ECF No. 23 as a 'Motion for Summary Judgment….'" ECF No. 31, PageID.277. However, ECF No. 23 is the Motion to Dismiss filed by the other defendants, not White.

In his untimely response, McGough fails to establish that he is entitled to any relief. As addressed in White's motion to dismiss, the plaintiff must show the plausibility of his claims in order to the establish entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678; 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). The plausibility standard requires "more than a sheer possibility" of misconduct. *Id*. And where the well-pleaded facts don't permit the Court to infer more than a sheer possibility of misconduct, the complaint alleges—but fails to show—entitlement to relief. *Id*. at 679.

### a. McGough's § 1983 and constitutional claims fail because White is not a state actor.

To bring a claim under § 1983, a plaintiff must establish "(1) that [they were] deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

2

Accordingly, "[o]nly claims against 'state actors' are eligible for relief under the statute." *Howell v. Father Maloney's Boys' Haven, Inc.*, 976 F.3d 750, 752 (6th Cir. 2020).

White is not a state actor. McGough attempts to overcome this by citing to cases which he purports establish liability for a private party under § 1983 claims. But these cases are factually distinguishable from the present, they are: a civil rights action where the parties conspired to bribe the judge, *Dennis v. Sparks*, 449 U.S. 24 (1980); a case where debtor was deprived of his property through state action, *Lugar v. Edmonson Oil Co.*, 457 U.S. 922 (1982); a case where the allegation was about a state-enforced custom of segregating races, *Adicks v. S.H. Kress & Co.*, 398 U.S. 144 (1970); an Americans with Disabilities Act claim brought by a prisoner, *Frazier v. Michigan*, 41 F. App'x 762 (6th Cir. 2002).

To the extent that McGough attempted to plead a conspiracy between White and the others, he failed. "Conspiracy claims must be pled with some degree of specificity and vague and conclusory allegations unsupported by material facts will not be sufficient to state a conspiracy claim under § 1983." *Gavitt v. Born*, 835 F.3d 623, 647 (6th Cir. 2016). McGough's conspiracy claim

fails, as does his claim that White acted in "concert" with the state actors. He has not pled sufficient facts to support this conclusory allegation.

McGough claims that White is a "state actor" merely because she availed herself, on her client's behalf, of the court system. Attorneys performing traditional functions do not act "under color of state law" and are not state actors subject to suit under § 1983. *Polk Co. v. Dodson,* 454 U.S. 312, 318, 325 (1981); *Elrod v. Michigan Supreme Ct.,* 104 F. App'x 506, 508 (6th Cir. 2004); *see also Cicchini v. Blackwell,* 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes."). Litigation by itself is not sufficient to establish that a person is acting under color of law. McGough's § 1983 and constitutional claims against White fail as a matter of law because she is not a state actor.

**b. McGough's remaining claims fail for the reasons stated in White's Motion to Dismiss and are unrebutted.**

McGough's remaining claims fail for the reasons stated in White's motion to dismiss. In his response, he only addresses White's argument as to her status as a non-state actor. Her arguments on the remaining claims remain unrebutted.

4

For the foregoing reasons, White asks this Court to enter an order dismissing McGough's amended complaint against her in its entirety under Fed. R. Civ. P. 12(b)(6).

/s/ *James J. Hunter*
David C. Anderson (P55258)
James J. Hunter (P74829)
Collins Einhorn Farrell PC
4000 Town Center, 9th Floor
Southfield, Michigan 48075
(248) 355-4141
David.Anderson@ceflawyers.com
James.Hunter@ceflawyers.com

Dated: July 14, 2025

## Certificate of Service

    I hereby certify that on July 14, 2025, a copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties to the above cause to each of the attorneys of record herein.

/s/ *James J. Hunter*
David C. Anderson (P55258)
James J. Hunter (P74829)
Collins Einhorn Farrell PC
4000 Town Center, 9th Floor
Southfield, Michigan 48075
(248) 355-4141
David.Anderson@ceflawyers.com
James.Hunter@ceflawyers.com

Dated: July 14, 2025

i